IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LORI BELFIELD,  )
        Plaintiff,  )
  -vs-  )  Civil Action No. 15-207
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
        Defendant.  )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 6 and 10). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 7 and 11). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 6) and granting Defendant's Motion for Summary Judgment. (ECF No. 10).

### I.   BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits (DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed her application alleging she had been disabled since January 4, 2011. (ECF No. 4-5, p. 2). Administrative Law Judge ("ALJ"), Brian W. Wood, held a hearing on October 1, 2013. (ECF No. 4-2, pp. 34-61). On November 15, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 4-2, pp. 14-29).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 6 and 10). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Post Decision Evidence[1]

Plaintiff's only argument is that Appeals Council erred by failing to remand the case to consider new and material evidence. (ECF No. 7, pp. 7-9). If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). In *Szubak v. Secretary of Health and Human Services,* the Third Circuit explained the following:

---

[1] Plaintiff does not appear to be requesting remand based on Sentence Four of §405(g). *See,* ECF No. 7. As I mentioned previously, the instant review of the ALJ's decision is not *de novo.* The ALJ's findings of fact are conclusive if supported by substantial evidence. *Mathews v. Eldridge,* 424 U.S. 319, 339, 96 S.Ct. 893, 905 n. 21 (1976); *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001), *citing, Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991) ("[E]vidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence."). Thus, my review of the ALJ's decision is limited to the evidence that was before him. *Id.;* 42 U.S.C. §405(g). Plaintiff's argument in this case, however, is that the Appeals Council erred in failing to remand based on evidence newly submitted to it. (ECF No. 7). Therefore, the only argument is whether the case should be remanded pursuant to Sentence Six of §405(g).

3

> As amended in 1980, §405(g) now requires that to support a "new evidence" remand, the evidence must first be "new" and not merely cumulative of what is already in the record. Second, the evidence must be "material;" it must be relevant and probative. Beyond that, the materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination. An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition. Finally the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record.

745 F.2d 831, 833 (3d Cir. 1984) (citations omitted). All three requirements must be satisfied to justify remand. *Id., citing Szubak,* 745 F.2d at 833.

In this case, Plaintiff submitted numerous records, for the first time, to the Appeals Council, including records from her treating orthopedic surgeon, Dr. Curt Conry, M.D. (ECF No. 7, pp. 8-9; No. 4-2, pp. 6-7). Plaintiff summarily concluded that this post decision evidence "constitue[s] new and material evidence that should have been considered and incorporated into the accepted RFC." (ECF No. 7, p. 9).

In her brief, Plaintiff basically asserts that the evidence is that of a subsequent deterioration of her condition or a new impairment. (ECF No. 7, pp. 7-9). Thus, if anything, Plaintiff's proffered evidence is indicative of no more than a "later-acquired disability or ... the subsequent deterioration of the previously non-disabling condition" or of evidence that would not have changed the outcome of the administrative hearing. *Haywood v. Sullivan,* 888 F.2d 1463, 1471–1472 (5th Cir.1989) (quoting *Johnson v. Heckler,* 767 F.2d 180, 183 (5th Cir.1985) (internal quotation marks omitted)); *Szubak,* 745 F.2d at 833. Consequently, I find that the post-decision evidence is not material. Therefore, remand under Sentence Six is not warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LORI BELFIELD,)
)
    Plaintiff,)
)
-vs-) Civil Action No. 15-207
)
CAROLYN W. COLVIN,)
COMMISSIONER OF SOCIAL SECURITY,)
)
    Defendant.)

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 15th day of September, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 6) is denied and Defendant's Motion for Summary Judgment (Docket No. 10) is granted.

                                                BY THE COURT:

                                                s/ Donetta W. Ambrose
                                                  Donetta W. Ambrose
                                                  United States Senior District Judge